GARY M. RESTAINO
United States Attorney
District of Arizona

ADDISON SANTOME
Arizona State Bar No. 031263
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Addison.santome@usdoj.gov
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>         vs.<br><br>Antonio DeJesus Alvarez Gonzalez,<br><br>                    Defendant. | No. CR 22-00918-PHX-MTL<br><br>**UNITED STATES' SENTENCING MEMORANDUM AND RESPONSE TO PRESENTENCE REPORT**<br><br>Sentencing Hearing: 8/31/2023 |

ANTONIO DEJESUS ALVAREZ GONZALEZ ("Defendant") is before the Court for sentencing following his guilty plea to Count One of the Indictment, False Statement During the Purchase of a Firearm, a violation of 18 United States Code (U.S.C.), § 924(a)(1)(A), a class D felony offense. The United States having reviewed its files and records in this case, the stipulations in the plea agreement, and the Final Presentence Investigation Report (Doc. 61.) urge this Court to sentence the Defendant to thirty-six months in the Bureau of Prisons followed three years of supervised release, as it sufficient and not greater than necessary to meet the goals of sentencing.

                    RESPONSE TO PRESENTENCE REPORT OBJECTIONS

The government, having reviewed the Final Pretrial Investigation Report (PSR)(Doc. 61.) prepared by U.S. Probation Officer Christina D. Forsberg, concurs with the guideline calculation.

The government takes no position as to Defendant's objections 1, 3, and 4. (Doc. 59 Page 1-2).

As to objection 2, U.S.S.G. § 2K2.1(a)(4)(B) provides that the base level offense of 20 is warranted if the offense involved a "semiautomatic firearm that is capable of accepting a large capacity magazine", and the "defendant committed the offense with knowledge, intent, or reason to believe the offense would result in the transfer to a prohibited person." Defendant does not object to the latter, but contends insufficient evidence exists to support the firearms involved were semiautomatic firearms that were capable of accepting large capacity magazines. (Doc. 59 Page 1-2).

"Semiautomatic firearm that is capable of accepting a large capacity magazine" means a semiautomatic firearm that has the ability to fire many rounds without reloading because at the time of the offense (A) the firearm had attached to it a magazine or similar device that could accept more than 15 rounds of ammunition; or (B) a magazine or similar device that could accept more than 15 rounds of ammunition was in close proximity to the firearm. U.S.S.G. § 2K2.1, App. Note 2.

The Courts have recognized that to apply this enhancement, the government must show both capability and proximity/attachment as prescribed in U.S.S.G. § 2K2.1, App. Note 2. *United States v. Luna-Gonzalez*, 34 F.4th 479 (5th Cir. 2022). Defendant has purchased 20 firearms. Agents collected the firearm transaction paperwork (ATF Form 4473) and relevant receipts for these purchases. Most of the paperwork described the firearms by make, model and serial number. Although the Defendant purchased many firearms that come standard with magazines that exceed the 15-round threshold, Special Agent Angelica Carpenter identified at least two firearms which were sold with magazines that held 30 rounds.

On December 12, 2018, Defendant purchased an American Tactical Omni 5.56 rifle from Sprague's Sports, a Yuma Federal Firearms Licensee (FFL).  On March 22, 2019, Defendant purchased a Springfield Armory Said Edge 5.56 rifle from Sprague's Sports. Senior Vice President or Sprague's Sports, Ron Gissendaner, confirmed the purchaser of

both these firearms would have been provided a compatible 30-round magazine with each firearm (Exhibit A). Given the firearms were sold with 30-round magazines both capability and attachment/proximity are satisfied.

It is undisputed that the Defendant was providing these firearms to someone he believed to be a prohibited possessor at the time of these offenses. As such, the base level of 20 is appropriately awarded.

SENTENCING RECOMMENDATION

The Sentencing Guidelines are "the starting point and the initial benchmark" for sentencing. *Gall v. United States*, 552 U.S. 38, 49 (2007). After considering the advisory range, the "district court should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties." *United States v. Carty,* 520 F.3d 984, 991 (9th Cir. 2008)(en banc). Pursuant to 18 U.S.C. § 3553(a) factors, the Court shall impose a sentence sufficient, but not greater than necessary to comply with the following purposes:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a)(2).

The nature and circumstances of these offenses—False Statement During the Purchase of a Firearm—are serious. 18 U.S.C. § 3553(a)(1). The purpose of this statue is to prevent firearms from ending up in the hands of those who seek to use or possess them illegally. In this case, this concern came to fruition when the firearms were trafficked to Mexico. Because the firearms are still outstanding, the damage and potential violence they may cause is still yet to be seen.

The history and characteristics of this Defendant counsel in favor of a sentence that is less than guideline range. U.S.C. § 3553(a)(1). At 37 years old, the Defendant is facing

punishment for his first felony conviction. Defendant appears to have engaged in the present offense to help feed his fentanyl addiction. However, his recent positive performance on pretrial release suggests he is a good candidate for a less than guidelines sentence.

The nature of Defendant's conduct counsels in favor of a sentence that will hopefully serve as an adequate deterrent against further criminal conduct by the Defendant. 18 U.S.C. § 3553(a)(2)(B). As a consequence, Defendant is sustaining a permanent felony conviction which will likely prevent him from ever being able to possess a firearm or ammunition again. This prohibition will remain long after he completes his sentence.

The Defendant will need continuing substance abuse treatment which can be accomplished during incarceration and supervised release. 18 U.S.C. § 3553(a)(2)(D). Although Defendant appears to be sober, it is important for him to receive continuing treatment.

In close, although this offense is by nature serious, Defendant's characteristics, history, treatment needs, and performance on pretrial services supports a thirty-six month term in the Bureau of Prisons followed by thirty-six months of supervised release.

Respectfully submitted this 28th day of August, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/Addison Santome*

ADDISON SANTOME
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of August, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Joseph Tobler
*Attorney for Defendant*

*s/Addison Santome*
U.S. Attorney's Office

- 5 -