**GRAND CANYON LAW GROUP LLC**
Joseph D. Tobler (No. 035228)
1930 East Brown Road, Suite 102
Mesa, Arizona 85203-5138
Telephone: 480.400.5555
Facsimile: 888.507.3031
courts@grandcanyon.law
*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | Case No. 2:22-cr-00918-MTL-1 |
| Plaintiff, | Defendant's Sentencing Memorandum |
| v. | |
| Antonio De Jesus Alvarez Gonzalez, | |
| Defendant. | |

Defendant, Antonio De Jesus Alvarez Gonzalez (Mr. Gonzalez), hereby submits his Sentencing Memorandum for the Sentencing/Disposition scheduled for August 31, 2023 at 3:30 p.m. before this Honorable Court.

## I. Background of the Case

Defendant is before the Court for sentencing in this case. He plead guilty to 18 U.S.C. § 924(a)(1)(A), False Statement During the Purchase of a Firearm a Class D Felony Offense.

## II. Sentencing Guidelines

### A. Initial Offense Level

The Defendant's Offense Level begins at twelve, given the nature of the offense. Mr. Gonzalez's criminal history yielded zero points, placing him in Criminal History Category I.

### B. Guideline Adjustments(s)

There is a **four-level enhancement** pursuant to USSG § 2K2.1(b)(1)(B) because the offense involved at least eight but no more than twenty-four firearms. The enhancement due to USSG §2K2.1 should not be imposed because there is no proof of a high capacity magazine in close proximity to that weapon. There is an enhancement for reason to believe that the firearms would be transported outside the United States for **four levels**. There is a **two-level reduction** pursuant to USSG § 3E1.1(a) and a **one level reduction** pursuant to USSG § 3E1.1(b).

C. Stipulations

Pursuant to the stipulation of the Parties, the Defendant's sentence shall not exceed the low end of the sentencing range as calculated under USSG § 1B1.1(a)**.** However, if the low end of the sentencing range is twelve months, the parties stipulate that the low end of the sentencing range will become twelve months and one day. This stipulated sentencing cap will not change based on departures considered under USSG § 1B1.1(b). Moreover, the Defendant may move for a departure, variance, or sentence below the cap.

D. Objection

The pre-sentence report states that one weapon "would have been sold with a 30-round magazine." This gun was not shown to have a 30-round magazine attached to it. Neither is there a showing that a high-capacity magazine was in close proximity to it. This enhancement, U.S.S.G. Sec. 2K2.1, should not be applied, see *United States v. Davis*, 668 F.3d 576, 579 (2012) holding that physical proximity between the high-capacity magazine and the gun are required.

E. Final Guideline Offense Level

Given the above, Defense has calculated an **offense level of seventeen** in Criminal History Category I. The guideline range is **24-30 months**. Upon stipulation of the parties, if the Court accepts this calculation, Mr. Gonzalez's sentencing range is 0-24 months.

**III.      Defendant's Requested Sentence**

2

Defendant respectfully requests the Court vary and/or depart downward sufficiently to grant him probation with no additional incarceration.

**IV.   Mitigation.**

Mr. Gonzalez asks the Court to consider the following mitigating factors when imposing its sentence.

A.   Mr. Gonzalez is remorseful and acknowledges his mistake.

Mr. Gonzalez is ashamed that his bad choices have placed him in this position. He made a big mistake and takes full accountability for his violation of the law. This situation has woken him up to the reality of his bad choices and he is more than ready to make a better life for himself, his wife and his nine-year old child. He is aware that it was his choices and his choices alone that put him in this situation and he takes full accountability for them. Mr. Gonzalez pleads for the court to have mercy and allow him to prove just how much he has changed.

B.   Mr. Gonzalez has battled with drug addiction since he was a teenager.

Unfortunately, Mr. Gonzalez has been battling drug addiction for many years. At age seventeen he was regularly consuming ten pills of Hydrocodone daily. His addiction was aggravated further in 2010, when Mr. Gonzalez went to the doctor for back pain. It was then that he was prescribed Percocet. Mr. Gonzalez became dependent on Percocet and for seven years his body became reliant on its relief. Seven years later, when his doctor cut off his Percocet prescription, he became desperate. His desperation led him to Mexico where he purchased M-30's. At the time, Mr. Gonzalez was under the impression the M-30's were Oxycodone.  However, he soon discovered they were Fentanyl. Within six months, Mr. Gonzalez could feel the effects of the Fentanyl, but he was already addicted. Mr. Gonzalez now realizes that it was his addiction to Fentanyl that led to his bad choice in committing this offense.

C.  Mr. Gonzalez is making efforts to recover from his drug addiction and a prolonged jail

3

<u>sentence will be detrimental to his recovery.</u>

For the first time since the onset of his drug addictions, Mr. Gonzalez is receiving the help he needs to make a recovery. He has made intentional efforts to overcome his drug addiction and become the husband and father his family deserves. On November 2, 2022, he was admitted in the 120-day residential treatment program and was successfully discharged on March 1, 2023. Before treatment, he underwent the withdrawal process without medical intervention. He had quit using, and his body went through the excruciating process of withdrawal. His wife describes this as taking nine days. She was very concerned for him and there were times they were worried he would not make it.

He is currently participating in outpatient treatment services meetings and is fully engaged. After his release from Crossroads Mr. Gonzalez commenced outpatient mental health treatment services with Community Bridges Incorporated and was successfully discharged from the program. Mr. Gonzalez is hopeful that the help he has received and continues to receive is making a difference in his life. While this is not the path to sobriety he would have chosen, he is glad that this encounter with the Court has put him in rehabilitation that he desperately needed.

Although Mr. Gonzalez is eager to pay for his mistakes, he is terrified at the thought of jeopardizing his journey of sobriety. Environment plays a significant role for continued success when it comes to addiction recovery and prison is certainly a dangerous place for a recovering addict. Thus, Mr. Gonzalez is afraid that spending any extended period of time in custody will cause him to regress in his addiction and ruin all that he has accomplished. This would be devastating not only for Mr. Gonzalez but for his family. Accordingly, Mr. Gonzalez pleads for a sentence that will allow him to continue on his recovery journey to overcome his habits and get back to his family as soon as possible.

D. <u>Mr. Gonzalez is an employable contributing member to his community.</u>

Mr. Gonzalez has worked very hard to make himself an employable contributing member of the community. He has a certificate as a forklift operator, maintenance technician and a carpet cleaner. These certificates allow Mr. Gonzalez to be able to operate

any kind of tractor trailer as a commercial driver. Mr. Gonzalez is a license commercial driver with a Commercial Driver's License (CDL).  He has remained gainfully employed with JMJ Equipment Transport, Inc. and has no plans of ending that employment. With a nine-year-old child at home, Mr. Gonzalez's wife stays home to take care of the home and their daughter. It is Mr. Gonzalez's income that puts food on the table and a roof over his family's head. Thus, any extended amount of jail time will harm not only Mr. Gonzalez but his family's livelihood.

E.  Mr. Gonzalez enjoys the support of his family and community.

Mr. Gonzalez is not alone in his journey to recovery. He has the loving support of his wife and daughter. Mr. Gonzalez's wife has stood beside him throughout this entire ordeal. She has been supportive and has fully encouraged his recovery. She can testify to the changes she has witnessed in her husband. She is aware that this recovery has not been easy for Mr. Gonzalez but she has seen the strength and perseverance in her husband to make necessary changes and be the best husband and father.

F.  Criminal History

Mr. Gonzalez has no criminal history. His score is 0.

### V.      Request for Downward Departure

Pursuant to the stipulations in the plea agreement, Defense may ask for a sentence below the sentencing range. Given the mitigation outlined above, undersigned counsel requests that this Honorable Court sentence Mr. Gonzalez to a time-served sentence with probation. This is Mr. Gonzalez's first criminal case. He has no prior felony convictions. Mr. Gonzalez has already spent approximately 4 months in a rehabilitation facility and served approximately 4 months in jail. As such, the requested departure from the calculated guideline range is not excessive. Defense submits that an additional prison term would serve neither justice nor Mr. Gonzalez.

### VI.  Conclusion.

Defendant comes before this Court pleading for leniency. Mr. Gonzalez is grateful to the United States Government for Offering this plea, as it affords him an opportunity to request a departure from the guidelines. Mr. Gonzalez is not the drug addicted and selfish man he was at the time of this offense. He has taken accountability for his actions and asks the court to allow him to continue to be the best husband and father to his family. Mr. Gonzalez gracefully requests that this Honorable Court consider the above when determining sentencing.

Counsel undersigned respectfully submits that a sentence of probation with time served will be sufficient to warn Defendant about further illegal offenses, will reflect the seriousness of the offense, will protect the public, and will punish Defendant for his conduct under the requirements of 18 U.S.C. § 3553(a).

DATED this 28th day of August, 2023

**GRAND CANYON LAW GROUP LLC**
By:*/s/ Joseph Tobler*
    Joseph Tobler
    *Attorney for Defendant*

Certificate of Service:

I hereby certify that on August 28, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

The Honorable Michael T. Liburdi

Addison B. Santome, Assistant U. S. Attorney, *U.S. Attorney's Office*